UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. LIMA et al.,<br><br>　　　　　Defendants. | No. 1:16-cv-01671-DAD-SAB<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 13) |

Plaintiff Carlos Burnett is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's objection to the assigned magistrate judge's April 5, 2017 screening order.

**BACKGROUND**

On April 5, 2017, the assigned magistrate judge issued an order finding that plaintiff had sufficiently stated (1) a cognizable excessive use of force claim against defendants Christopher Constello, Brent Urban, and William Jones; and (2) a cognizable claim for failure to intervene against defendant M. Lefler. (Doc. No. 10.) The magistrate judge also found that plaintiff failed to allege facts giving rise to an unrelated claim of denial of access to the courts. (*Id.*) Furthermore, the magistrate judge noted that plaintiff's complaint appeared to attempt to state claims arising from two separate sets of unrelated facts, with excessive force and failure to intervene claims on the one hand, and an access to the courts claim on the other. The court

1

cautioned that plaintiff must choose which set of claims he wishes to pursue in this action, because plaintiff could not be allowed to maintain both in one action. (*See id.* at 4.) The court then directed plaintiff to either file an amended complaint or notify the court of his intent to proceed only on his excessive use of force claim. (*Id.* 6–8.) In response to a subsequent ambiguous filing by plaintiff, the assigned magistrate again ordered the plaintiff either file an amended complaint or notify the court of his intent to proceed solely on the cognizable claims. (Doc. No. 12.)

On May 1, 2017, plaintiff filed objections to the court's April 5, 2017 order, requesting that this court reconsider the magistrate judge's order. (Doc. No. 13.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). On a motion to reconsider a magistrate judge's non-dispositive order, the magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted).

## DISCUSSION

Here, plaintiff objects to the court's determination that certain claims are not related. Specifically, plaintiff "admits, and denies no unrelated claims . . . ." (Doc. No. 13 at 2.) Having reviewed plaintiff's complaint, this court finds that the magistrate judge's prior orders are neither clearly erroneous nor contrary to law. In his complaint, plaintiffs allege two separate set of facts

2

giving rise to two sets of claims against two sets of defendants.  The court finds no error in the magistrate judge's conclusions that plaintiff has stated cognizable claims for excessive force and failure to intervene; and that plaintiff has failed to state facts giving rise to a claim of denial of access to the courts.  Moreover, this court agrees that even if plaintiff alleged facts sufficient to support all his claims against all named defendants, he cannot proceed on both sets of claims in this action; he must file two separate actions.  Accordingly, plaintiff's request for reconsideration of the April 5, 2017 screening order will be denied.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion for reconsideration of the April 5, 2017 screening order (Doc. No. 13) is denied;

2. Within **thirty (30) days** from the date of service of this order, plaintiff shall either

    (a) file a written notice with the court indicating that he wishes to proceed only on his excessive force and failure to intervene claims, recognized as cognizable by the magistrate judge's prior screening order (*see* Doc. No. 10);[1]

    (b) file an amended complaint alleging either:

    (i) plaintiff's excessive use of force and failure to intervene claims; or

    (ii) plaintiff's denial of access to the courts claim; and

3. Failure to comply with this order may result in dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: __**July 6, 2017**__           _/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is advised that if he chooses to proceed only on his excessive force and failure to intervene claims, he may still file a separate action presenting his access to the courts claim.

3