UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>        Plaintiff,<br><br>   v.<br><br>L. LIMA, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-01671-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACCESS TO COURTS CLAIM AND ALLOW ACTION TO PROCEED ON EXCESSIVE FORCE AND FAILURE TO PROTECT CLAIMS<br><br>[ECF No. 18] |

Plaintiff Carlos Burnett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed on September 5, 2017.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed the instant action on November 3, 2016. On April 5, 2017, the Court screened Plaintiff's complaint and found it stated a cognizable excessive force and failure to intervene claims, but failed to state an unrelated claim of denial of access to the courts. The Court directed Plaintiff to either file an amended complaint or notify the Court of his intent to proceed only on his excessive force and failure to intervene claims. The Court also cautioned Plaintiff that he was attempting to bring claims arising from two separate sets of unrelated facts and he must choose which set of claims he wishes to pursue in this single action.

On April 17, 2017, Plaintiff submitted an ambiguous response to the Court's April 5, 2017; therefore, on April 18, 2017, the Court again directed Plaintiff to either file an amended complaint or notify the Court of his intent to proceed solely on the cognizable claims.

On May 1, 2017, Plaintiff filed objections to the Court's April 5, 2017 order, and requested reconsideration by the assigned District Judge.

On July 10, 2017, Plaintiff's motion for reconsideration was denied.

As previously stated, on September 5, 2017, Plaintiff filed a first amended complaint.

## II.

## COMPLAINT ALLEGATIONS

On August 12, 2012 or August 12, 2013, Plaintiff did not have access to legal materials. Defendant L. Lima ducated Plaintiff for law library but didn't call him. Defendant Lima did not have any manila envelopes to mail out ten copies or any to the Court which made him miss his ten-day deadline.

R.D. Cranstan seized a section 1983 complaint, while Plaintiff was in administrative segregation. Cranstan made no copies and did not provide the legal materials requested.

On August 12, 2012, Christopher Constello yanked Plaintiff while he was being escorted in handcuffs, threw him against the wall, and stated "you['re] the dumbest nigger I ever met!" Constello and Brent Urban used their body weight against Plaintiff, and Plaintiff was thrown to the patio ground. Officer William Jones jumped on Plaintiff and made his head hit the ground ten times. During this time, officer M. Lefler, who was in the gun tower watched the unnecessary use of force, along with Brent Urban and Christopher Constello.

## III.

## DISCUSSION

**A.  Access to the Courts Claim**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."

Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. In addition, delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." Lewis, 518 U.S. at 362. A missed filing deadline, by itself, does not state an access to the courts claim. See Flagg v. City of Detroit, 715 F.3d 165, 178-79 (6th Cir. 2013) (plaintiff is not required to prove government obstruction caused him to lose underlying claim, but must show that the claim was at least arguably meritorious and not frivolous); Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006) ("plaintiff must identify within his complaint, a 'nonfrivolous,' 'arguable' underlying claim").

With regard to Law Librarian, L. Lima, Plaintiff fails to show actual injury in relation to his access to the courts claim. In addition, Plaintiff has failed to show he required library access in order to file his habeas corpus petition. Although Plaintiff contends that he was not provided an envelope, in his first amended complaint, he indicates that was able to use an old envelope to mail his petition to the California Supreme Court. Plaintiff provides no information about how any specific case was affected by the lack of access to the law library and/or manila envelopes. To the extent, Plaintiff is attempting to state a denial of access to the courts claim against Defendant officer Cranston, Plaintiff also fails to state a cognizable claim as there is simply no allegation as to any actual injury based on Cranston's actions. Accordingly, Plaintiff's allegations fail to state a cognizable claim for a violation of his First Amendment right of access to the courts.

Plaintiff's contention that the alleged constitutional violation itself is actual injury is without merit. Plaintiff does not set forth facts to demonstrate that any underlying claims/actions were "nonfrivolous" or "arguable." In addition, when asserting a backward-looking denial of access claim which seeks vindication for an opportunity already lost, the complaint "must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Christopher v. Harbury, 536 U.S. at 415. Plaintiff has failed to do so. Even drawing all reasonable inferences in favor of Plaintiff, the first amended complaint, as with the original complaint, fails to allege a cognizable access to courts claim.

### B. Excessive Force/Failure to Intervene Claims

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley v. Albers, 475 U.S. 312, 321 (1986). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 559 U.S. at 37-38. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force. Hudson, 503 U.S. at 9-10.

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

Viewing Plaintiff's allegations liberally as this Court must, Plaintiff's allegations state a cognizable claim for excessive force against Defendants Christopher Constello, Brent Urban and William Jones, and against M. Lefler for failing to intervene during the alleged use of excessive force.

## IV.

## RECOMMENDATIONS

Plaintiff's first amended complaint states a cognizable claim for excessive force against Defendants Christopher Constello, Brent Urban and William Jones, and against M. Lefler for failing to intervene during the alleged use of excessive force. However, the complaint does not state a cognizable access to the courts claim. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for cruel and unusual punishment in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987). Accordingly, it is HEREBY RECOMMENDED that:

1. The instant action proceed on Plaintiff's claim of excessive force against Defendants Christopher Constello, Brent Urban and William Jones, and against M. Lefler for failing to intervene during the alleged use of excessive force; and

2. Plaintiff's access to the courts claim and Defendants L. Lima, Heather Ayon, and R. D. Cranston be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 14, 2017**

UNITED STATES MAGISTRATE JUDGE