UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>          Plaintiff,<br><br>    v.<br><br>L. LIMA, et al.,<br><br>          Defendants. | No. 1:16-cv-01671-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN OF PLAINTIFF'S CLAIMS<br><br>(Doc. Nos. 18, 20, 21) |

Plaintiff Carlos Burnett is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On September 5, 2017, plaintiff filed his first amended complaint. (Doc. No. 18.) On September 15, 2017, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's access to courts claim against defendants Lima, Ayon, and Cranton be dismissed, and that the action proceed on plaintiff's claims of excessive force and failure to protect against defendant Constello, Urban, and Jones. (Doc. No. 20.) The parties were provided fourteen days during which to file objections to those findings and recommendations. (*Id.*) Plaintiff did so on September 28, 2017. (Doc. No. 21.)

/////

/////

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
*de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings
and recommendations to be supported by the record and by proper analysis.

The court has reviewed plaintiff's objections and finds them to lack merit. As noted in the findings and recommendations, a plaintiff proceeding on an access to courts claim must allege facts demonstrating that plaintiff suffered actual injury, that is, "actual prejudice to contemplated or existing litigation." (Doc. No. 20 at 2–3) (quoting *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011)). Moreover, a plaintiff must allege facts demonstrating that the legal claim plaintiff sought to pursue was "nonfrivolous." *Lewis v. Casey*, 518 U.S. 343, 353 (2006).

In both his first amended complaint and his objections, plaintiff contends that the constitutional violation is itself the injury. (*See* Doc. No. 18 at 5; Doc. No. 21 at 1.) This argument is contrary to the Ninth Circuit's decision in *Greene* in which the court held that "actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." *Id.* (quoting *Lewis*, 518 U.S. at 348). Plaintiff has stated no facts that would allow the court to conclude that his inability to access the prison law library frustrated his ability to prosecute his claim. Moreover, plaintiff has not alleged any facts which, if true, would enable the court to conclude that the legal claim he sought to pursue was non-frivolous. Instead, plaintiff has merely provided the court with conclusory statements that the claim he sought to pursue "had merit" and "was nonfrivolous." (Doc. No. 21 at 2.)

For these reasons,

1. The findings and recommendations dated September 15, 2017 (Doc. No. 20) are adopted in full;

2. Plaintiff's access to the courts claim against defendants Lima, Ayon, and Cranton is dismissed for failure to state a cognizable claim for relief;

3. This action shall proceed on plaintiff's excessive force and failure to protect claims against defendants Constello, Urban, and Jones; and

/////

/////

2

4. This action is referred back to the assigned magistrate judge for initiation of service of process and further proceedings.

IT IS SO ORDERED.

Dated: **November 29, 2017**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3