# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>        Plaintiff,<br><br>        v.<br><br>L. LIMA, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-01671-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF No. 27] |

Plaintiff Carlos Burnett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed February 20, 2018.

## I.

## BACKGROUND

This action is proceeding on Plaintiff's claim of excessive force against Defendants Costello, Urban and Jones.

As previously stated, on February 20, 2018, Defendants filed a motion to dismiss the action as barred by the applicable statute of limitations. Plaintiff filed an opposition on March 5, 2018, and Defendants filed a reply on March 7, 2018. Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

///

1

## II.
## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.
## DISCUSSION

### A. Summary of Plaintiff's Allegations

On July 12, 2012, Christopher Constello yanked Plaintiff while he was being escorted in handcuffs, threw him against the wall, and stated "you['re] the dumbest nigger I ever met!" Constello and Brent Urban used their body weight against Plaintiff, and Plaintiff was thrown to the patio ground. Officer William Jones jumped on Plaintiff and made his head hit the ground ten times. During this time, officer M. Lefler, who was in the gun tower watched the unnecessary use of force, along with Brent Urban and Christopher Constello.

**B. Request for Judicial Notice**

Defendants request the Court take judicial notice of the Abstract of Judgment attached as Exhibit A in support of their motion to dismiss. (Req. for Jud. Not., ("RJN") Ex. A; ECF No. 27-2.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The Court takes judicial notice of Plaintiff's Abstract of Judgment (RJN, Ex. A) which demonstrates that Plaintiff was convicted of first degree murder and sentenced to life without the possibility of parole in People v. Burnett, Sacramento County Superior Court Case No. 96F05901, on May 8, 1997. Harris, 682 F.3d at 1132.

**C. Statute of Limitations**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. California's equitable tolling statute applies to both prisoners and civil detainees. Id. Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.")

Equitable tolling is available to suspend or extend the statute of limitations in order to ensure fundamental practicality and fairness. Jones, 393 F.3d at 928. "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.2d at 916 (citation and internal quotation marks omitted). Thus, California's equitable tolling doctrine "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute." Lantzy v. Centex Homes, 31 Cal.4th 363, 371 (2003). The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso Robles, 385 Fed.Appx. 642, 643 (9th Cir. 2010).

In this case, Plaintiff is currently serving a life sentence without the possibility of parole. (RJN, Ex. A.) Thus, under California's personal injury statute of limitations, Plaintiff had two years to commence this action. Cal. Civ. Proc. Code § 352.1; Brooks, 1 Cal.App.5th at 6-7. Plaintiff is therefore not entitled to two years of additional tolling. Cal. Civ. Proc. Code § 352.1; Brooks, 1 Cal.App.5th at 6-7.

Plaintiff contends that Defendants used excessive force against him on July 12, 2012. (First

Amd. Compl. at 7-9.)[1] Pursuant to California's two-year statute of limitations, Plaintiff had to file his original complaint no later than July 14, 2014, to be timely. However, Plaintiff filed the original complaint on November 3, 2016, and absent a showing of equitable tolling, the action is untimely.

In his opposition, Plaintiff argues that the action is not barred by the two-year statute of limitations because officer R.D. Cranston intentionally took Plaintiff's civil rights complaint, and because he is serving a life sentence there is no time limit to file the action. (Opp'n at 2-3, ECF No. 29.) Plaintiff is mistaken. Under California law, the statute of limitations for prisoners serving *less than* a life sentence is tolled for an additional two years. Cal. Civ. Proc. Code § 352.1; Johnson v. California, 207 F.3d 650, 654 (9th Cir. 2000), overruled on other grounds, 543 U.S. 499 (2005). Accordingly, Plaintiff's claim that he is entitled to an additional two years of tolling or that there is no statute of limitations period for prisoners serving a life sentence without the possibility of parole is without merit.

Further, Plaintiff has failed to meet his burden in demonstrating entitlement to equitable tolling. Plaintiff claims that correctional officer R.D. Cranston intentionally took his civil rights complaint instead of making copies which prevent him from filing within the two year period. (Opp'n at 2-3.) Plaintiff's conclusory allegation is vague and unsubstantiated. However, even if the allegation is accepted as true, Plaintiff has not demonstrated that he acted reasonably and in good faith to bring his claims in a timely manner. Fink, 192 F.3d at 916. Plaintiff has not alleged, must less shown, how the alleged action by officer Cranston prevented him from filing a federal complaint for over four years-difference between July 12, 2012 (alleged date complaint was confiscated) and November 3, 2016 (date the complaint was actually filed in this Court). In addition, based on the lack of evidence that Plaintiff acted reasonably, there is sufficient reason to find that Defendants would "be prejudiced by being required to defend the otherwise barred claim" more than four years after the alleged incident. Id. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

(internal citation omitted).  Therefore, Plaintiff has failed to plead facts demonstrating entitlement to equitable tolling, and the instant action is barred by the applicable statute of limitations.[2]

### IV.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the instant action as barred by the statute of limitations be granted; and

2. The instant action be dismissed as untimely.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 2, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants request that if the Court dismisses the action as barred by the statute of limitations, the Court find such dismissal be counted as a strike under 28 U.S.C. § 1915(g).  The Court declines to make such recommendation and leaves the determination for a later date in a subsequent case.  See Deleon v. Doe, 361 F.3d 93, 95 (2d Cir. 2004) (It is "error for the [district] court to enter such a strike" and instructing that "district courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately—upon determination at the appropriate time—qualify as strikes under the terms of § 1915(g)."); see also Andrews v. King, 398 F.3d 1113, 1119 n. 8 (9th Cir. 2005) (noting that district courts are not required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)); Shabbazz v. Fischer, No. 9:11-CV-0916 (TJM/ATB), 2012 WL3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed.  Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); Pough v. Grannis, 08CV1498–JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal).